UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel.* MALINDA JACKSON,<br><br>          Plaintiffs,<br><br>     v.<br><br>NORTHERN CALIFORNIA SCHOOL OF CONSTRUCTION, LLC, *et al.*,<br><br>          Defendants. | Case No.   1:17-cv-01733-JLT-EPG<br><br>ORDER DIRECTING PLAINTIFF TO FILE APPROPRIATE DISPOSITIONAL DOCUMENT<br><br>(ECF No. 30) |

Plaintiff Malinda Jackson filed this *qui tam* action on December 22, 2017, raising, in part, claims under the False Claims Act, the California False Claims Act, as well as state contract and tort claims. (ECF No. 1). On October 23, 2018, the State of California declined to intervene. (ECF No. 8). On December 13, 2021, the United States declined to intervene. (ECF No. 19).

On December 14, 2021, the Court ordered Plaintiff to file a status report by February 11, 2022, informing the Court of the status of the case and whether Plaintiff intended to prosecute this action. (ECF No. 21). After multiple extensions, Plaintiff has now filed a status report, stating that Plaintiff "has decided that she will not be pursuing prosecution of this action and has asked that counsel seek a voluntary withdrawal of her complaint." (ECF No. 30, p. 2).

In many civil actions, a voluntary dismissal is permitted without a court order by a Plaintiff filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," under Federal Rule of Civil Procedure 41(a)(1)(A)(i), or by the filing of "a stipulation of dismissal signed by all parties who have appeared," under Rule 41(a)(1)(A)(ii). Alternatively, an action may otherwise be dismissed with a court order at the plaintiff's request "on terms that the court considers proper," under Rule 41(a)(2).

However, *qui tam* actions have special requirements regarding dismissal. *See United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18 (2d Cir. 2019) (noting that, in *qui tam* actions, the "general Rule 41(a) framework is subject to several constraints imposed by the [False Claims Act]"); *Polansky v. Exec. Health Res. Inc.*, 17 F.4th 376, 389 (3d Cir. 2021) (noting that Rule 41(a) is subject to the requirements of the False Claims Act). For claims brought under the False Claims Act, "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting," under 31 U.S.C. § 3730(b)(1). *See L-3 Commc'ns EOTech, Inc.*, 921 F.3d at 18 (noting that, under § 3730(b)(1), "the relator may not voluntarily dismiss such [a *qui tam*] action without the written consent of the court and the United States Attorney General"). Likewise, for claims brought under California's False Claims Act, "the action may be dismissed only with the written consent of the court and the Attorney General or prosecuting authority of a political subdivision, or both, as appropriate under the allegations of the civil action, taking into account the best interests of the parties involved and the public purposes behind this act," under California Government Code § 12652(c)(1). Plaintiff shall bear these requirements in mind in "seek[ing] a voluntary withdrawal of her complaint." (ECF No. 30, p. 2).

Based on the status report, IT IS ORDERED as follows:

1. Plaintiff shall have until July 8, 2022, to file an appropriate dispositional document in this case.
2. Although this Court has issued a prior order unsealing future filings (ECF No. 21), given Plaintiff's counsel's prior representations about not receiving court filings, the Clerk of Court is directed to mail a copy of this order to all counsel who have appeared on record:

1    Katherine Boyd, Michael Macko, Lynn Ernce, John Edwards, and Brendan Ruddy.

IT IS SO ORDERED.

Dated:  **June 21, 2022**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE