UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel.* MALINDA JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN CALIFORNIA SCHOOL OF CONSTRUCTION, LLC, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01733-JLT-EPG<br><br>ORDER UNSEALING CERTAIN FILINGS ON DOCKET<br><br>(ECF Nos. 33, 34) |

Plaintiff Malinda Jackson filed this *qui tam* action on December 22, 2017, raising, in part, claims under the False Claims Act, the California False Claims Act, as well as state contract and tort claims. (ECF No. 1). On October 23, 2018, the State of California declined to intervene. (ECF No. 8). On December 13, 2021, the United States declined to intervene. (ECF No. 19).

On June 27, 2022, Plaintiff filed a request for dismissal of this case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 32). On June 27 and 28, the United States and the State of California filed notices consenting to the dismissal. (ECF No. 33, 34). Each of these filings also requests that certain documents be unsealed or remain unsealed—such as the complaint, request for dismissal, and notices of consent to dismissal—and each requests that all other filings

1

remain under seal, because "in discussing the content and extent of the [the United States' or State of California's] investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (ECF No. 33, p. 2; ECF No. 34, p. 2).

Generally, there is a strong presumption in favor of access to court records, with the "party seeking to seal a judicial record . . . bear[ing] the burden of overcoming this strong presumption" by offering compelling reasons supported by specific factual findings. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons that outweigh the public's interest can include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. However, an exception applies to the compelling-reasons standard when the court records at issue are attached to non-dispositive motions. *Id.* In such cases, "[a] 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice." *Id.* at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if the documents are not sealed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (discussing good cause in terms of rule 26(c)).

The Court find that, for all but some select documents specified in this order, neither standard has been met. When this action was initially filed, the Court permitted the complaint and subsequent filings to be sealed pursuant to 31 U.S.C. § 3730, which provides that complaints in *qui tam* actions shall be sealed for at least sixty days while the United States decides whether to intervene and may remain under seal if the United States is granted extensions to decide whether to intervene. 31 U.S.C. § 3730(b)(2)-(3); (*see* ECF Nos. 3, 5). However, the day after the United States declined to intervene, the Court lifted the seal as to the complaint and all future filings but temporarily left sealed all filings predating the order. (ECF Nos. 19, 21).

Thus, the only filings that remain under seal are documents relating to the requests to seal, requests for extensions of time to decide whether to intervene, notices regarding intervention, and some standard court orders. (*See* ECF Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20). While some these filings discuss the content and extent of the United States' and/or the

State of California's investigation, and were provided to the Court for the purpose of evaluating whether the seal and time for making an election to intervene should be extended, this alone does not establish compelling reasons are good cause to maintain these documents under seal.

Given that this action is being dismissed, there is no danger of Defendant learning about any pending investigation into its actions because there remains no pending action to investigate. And, to the extent that the United States and the State of California are concerned with prospective Defendants in unrelated cases learning about their investigation techniques, neither has cited any specific technique that warrants these documents remaining sealed. Moreover, the investigation methods discussed are the types of investigations that occur in most litigation, such as "interviewing third-party witnesses and collecting additional relevant documents and data as necessary." (ECF No. 4-2, p. 3). Accordingly, the Court does not find grounds to seal all other documents as requested.

However, after reviewing the sealed documents, the Court concludes that there are grounds to keep the following filings under seal because they contain sensitive information related to the decision to intervene: ECF Nos. 6, 10, 12, 13, and 14. But the Court will not keep the other remaining documents under seal.

Accordingly, IT IS ORDERED that the Clerk of Court shall unseal (to the extent that they are not already unsealed) all filings (and accompanying attachments) and docket entries in this action **EXCEPT that ECF Nos. 6, 10, 12, 13, and 14 (and accompanying attachments) SHALL REMAIN UNDER SEAL**. The Clerk of Court is directed to mail a copy of this order to all counsel who have appeared on record: Katherine Boyd, Michael Macko, Lynn Ernce, John Edwards, and Brendan Ruddy.

IT IS SO ORDERED.

Dated: __July 1, 2022__                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE